STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
Docket No. CR-02-882

Kenneth L. Crawford,
Petitioner



v.

Decision and Judgment

State of Maine,
Respondent

Hearing on the pending petition for post-conviction review was held on May 27, 2003. The petitioner was present with counsel. Following the hearing, the parties filed written arguments that the court has considered.

In this action, the petitioner alleges that he was deprived of effective assistance of counsel and that he did not validly waive any foreseeable flaw in his trial attorney's defense of him.

In June 2000, the defendant was indicted for arson, class A. *See* 17-A M.R.S.A. § 802(1)(B)(1). At his arraignment, he was released on unsecured bond. Within two weeks of that arraignment, the state moved to revoke that pre-conviction bail. The defendant was arrested, and after hearings held on July 14 and 19, the court ordered the defendant held without bail. Prior to that time, the defendant spent some time at his attorney's office reading the discovery provided by the state, including, in all likelihood, a report prepared by the state's expert on cause and origin. The petitioner did this out of his attorney's presence.

The case was scheduled for trial during the week of September 18, 2000. The jury was drawn that day, and the case was actually tried on September 21 and 22. Most likely on September 18 prior to jury selection, trial counsel and the petitioner discussed the fact that a defense expert had not been secured to assist in the defense of the case and

1

that a defense expert on cause and origin could be of value.[1] During that conversation, the defendant adamantly maintained that he was innocent of the arson charge and did not want to delay the trial because he was confident that he would be acquitted and released from custody. Then, in the courtroom and in the defendant's presence, the attorneys and the court discussed the level of defense counsel's preparedness for trial and the defendant's wish to go forward to trial at that time, notwithstanding the absence of a defense expert. This exchange was precipitated by a decision that had been issued recently by the trial justice, concluding that defense counsel in an unrelated arson case did not provide adequate representation because that attorney had not secured an independent expert on forensic issues. Here, after the petitioner's attorney advised the court that she had discussed those matters with him and that he still wanted his trial to go forward that week, the state's attorney explained further that "the State's case is built on forensic evidence, including a lab analysis of an accelerant that was determined. . . .That is the heart of this case." Transcript of proceedings, September 18, 2000, at p. 4. The prosecutor then advised the court of his concern that "Mr. Crawford may not be happy with [trial counsel] at a later date." *Id.* The court responded by noting that "Mr. Crawford's right here. I mean, he can tell us if he is comfortable going ahead." *Id.* at 5. The defendant himself responded, "I'm comfortable." *Id.* With everyone's apparent agreement, the jury was selected, and trial was held later that week. The defendant did not call an expert witness, and trial counsel did not consult with one. The jury returned a guilty verdict, and sentence ultimately was imposed.

Although much of the hearing in this proceeding focused on whether trial counsel's failure to consult with a fire expert or her failure to call such an expert to testify at trial deprived the petitioner of a substantial defense, the state's argument is limited to the question of whether the petitioner waived any argument on that point when he advised the trial court that he wanted to go forward with his trial at that time. Thus, the state does not expressly challenge the petitioner's contention that he was prejudiced by

---

[1] The petitioner testified that this conversation occurred on the date of jury selection. Trial counsel, who admitted that her memory of these events was not strong, testified that she and the petitioner discussed this issue several days prior the trial, perhaps the day of jury selection itself.

2

the absence of an expert's participation in his defense.[2] The petitioner acknowledges that the constitutional right to effective assistance of counsel can be waived. Further, the parties here agree that any such waiver must be voluntary and knowing. In the context of this proceeding for post-conviction review, the petitioner bears the burden of proving that his agreement to proceed to trial in September 2000 was not the product of a knowing and voluntary waiver. *See State v. Brewer*, 1997 ME 177, ¶ 15, 699 A.2d 1139, 1143-44 (petitioner bears burden of proving entitlement to post-conviction relief).

As an evidentiary matter, the state argues that the trial court implicitly found that the petitioner validly waived any issues regarding his attorney's level of preparedness for trial and that the court's implicit finding is entitled to deference in this post-conviction proceeding. The court disagrees. The deference urged by the state is an appellate-style analysis, as shown by the posture of the cases cited by the state in support of its argument. Here, however, in this action for post-conviction relief, this court acts in a fact-finding capacity. The very fact that the trial court accepted the petitioner's representation that he wanted to go forward to trial is relevant to that fact-finding process, because it does suggest that the trial court, which had the opportunity to observe the petitioner and engage in a direct colloquy with him, was satisfied with the quality of that representation. However, this court cannot simply defer to that apparent assessment but rather must independently review the evidence. *See Littlefield v. State*, 429 A.2d 1006, 1008-09 (Me. 1981).

The petitioner argues that he did not voluntarily decide to proceed to trial during that term and that any waiver was not knowing (that is, that he did not understand the consequences of his decision to go forward).

First, the petitioner has failed to prove that his waiver of any anticipated defects in trial counsel's defense of him was less than voluntary. This record leaves no question that the petitioner was anxious to have his trial because of his pretrial incarceration. Thus, he decided not to seek a continuance because he was being held without bail in the county jail and did not want to prolong that circumstance. However, just as virtually all

---

[2] Put more precisely, the state argues that even if the defendant was not provided with effective assistance of counsel, he waived any such deprivation. This hypothetical acknowledgement of that part of the petitioner's argument is not sufficient to maintain any opposition to it.

decisions are influenced by surrounding circumstances and various possible consequences, the defendant chose to move forward to trial at that time. There is no evidence that any person forced or pressured the petitioner to do so, and the court is not persuaded that his circumstances overcame his own free will and intellect. *Cf. State v. Caouette* 446 A.2d 1120, 1123-24 (Me. 1982) (concluding that a statement may be involuntary for fifth amendment purposes even in the absence of police conduct). Rather, he had a decision to make and then made that decision based on his assessment of the surrounding circumstances.

The petitioner also contends that his waiver was not knowing, because he did not fully understand or appreciate the consequences of that decision. The principal factual basis for this argument is found in his testimony that he did not realize the importance carried by the state's forensic expert evidence. The petitioner also relies on trial counsel's testimony that he was naïve about the case and, due to his eagerness to get the trial behind him, may not have fully comprehended the risks of proceeding to trial without further expert-based preparation. There is no evidence that the petitioner has any cognitive difficulties. And the court notes that just prior to jury selection, when trial counsel recounted her conversation with the petitioner to the court, she did not express the impressions about the quality of his decision that she discussed during her testimony at the hearing on this petition.

Clearly, it is troubling that the possibility and merits of a pretrial expert assessment was not presented to the petitioner until the verge of trial itself. However, the defendant had full access to the discovery material, which included a report from the state's own prospective expert witness.[3] According to the petitioner's own testimony, when he and his attorney conferred privately prior to the recorded exchange with the court, his attorney expressed concerns about her readiness for trial, due to the absence of a defense expert. Then, in open court and in the presence of the petitioner, the state's attorney explained that the state's case rested heavily on forensic evidence. He himself

---

[3] On the day of jury selection, the state produced some photographs and a video to the petitioner's attorney. The remaining discovery had been produced earlier. Perhaps because seven months intervened between the fire and the indictment, the state produced discovery to the defense soon after the indictment, prior to the time the defendant was arrested on a bail violation.

expressed concern that lack of an independent defense expert examination could be problematic. Finally, he anticipated that the petitioner subsequently might fault his attorney if he was not satisfied with the outcome of the trial. After the prosecutor made these comments, the petitioner advised the court that he was 'comfortable" proceeding to trial. The court then concluded, on the basis of this interchange, that the parties were "comfortable going into it [the trial] with their eyes open" and that the trial should therefore "forge ahead." Transcript at p. 5.

From this, the court concludes that the petitioner had to have known prior to September 18 that the state had gathered and analyzed forensic evidence. Further, prior to the time the court asked the petitioner directly if he wanted his trial delayed, he knew that his attorney was not prepared to present a counter-expert and that she had not consulted with one even for purposes of trial preparation. Despite this knowledge and the state's clear admonition of the important role of forensic evidence in the case against him, the petitioner told the court that he was "comfortable" in proceeding to trial. The court accepted that assessment. From this evidence, the court concludes that the petitioner was aware of the risk of proceeding to trial under those circumstances and that consequently his decision to do so was knowing.

The entry shall be:

For the foregoing reasons, the petition for post-conviction review is denied.

Dated: September 2, 2003

Justice, Maine Superior Court

KENNETH CRAWFORD VS STATE OF MAINE

DOCKET NO. CR-2002-882

ATTORNEY FOR THE STATE

MICHAEL ROBERTS, DEPUTY DA
OFFICE OF THE DISTRICT ATTORNEY
97 HAMMOND STREET
BANGOR  ME  04401

ATTORNEY FOR THE PETITIONER

LEONARD SHARON ESQ.
P O BOX 3130
AUBURN  ME  04212